IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROBERT HUSKEY, | Case No. 1:09-cv-01576 OWW JLT (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS DISMISSING CERTAIN CLAIMS AND DEFENDANTS |
| vs. | |
| PAM AHLIN, et al., | (Doc. 8) |
| Defendants. | |

Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. By order filed February 25, 2010, the Court dismissed Plaintiff's complaint with leave to amend. Now pending before the Court is Plaintiff's amended complaint filed March 29, 2010.

I.     **SCREENING**

   A.     **Screening Requirement**

The Court is required to review a case filed *in forma pauperis*. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2). If the Court determines the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

**B.     Section 1983**

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

To plead a § 1983 violation, the plaintiff must allege facts from which it may be inferred that (1) plaintiff was deprived of a federal right, and (2) the person who deprived plaintiff of that right acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989). To warrant relief under § 1983, the plaintiff must allege and show that the defendants' acts or omissions caused the deprivation of the plaintiff's constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). "A person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Id. There must be an actual causal connection or link between the actions of each defendant and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Dept. of Social Services, 436 U.S. 658, 691-92 (1978) (citing Rizzo v. Goode, 423 U.S. 362, 370-71(1976)).

**C.     Rule 8(a)**

Section 1983 complaints are governed by the notice pleading standard in Federal Rule of Civil Procedure 8(a), which provides in relevant part that:

> A pleading that states a claim for relief must contain:
>
> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must give fair notice and state the elements of the plaintiff's claim plainly and succinctly. See Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). In other words, the plaintiff is required to give the defendants fair notice of what constitutes the plaintiff's claim and the grounds upon which it rests. Jones v. Community Redevelopment Agency, 733 F.2d 646, 649 (9th Cir. 1984). Although a complaint need not outline all the elements of a claim, there "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   THE AMENDED COMPLAINT

Plaintiff alleges the following in his amended complaint. On April 1, 2009, Plaintiff lost two tooth fillings which caused him to suffer from pain whenever he ate hot or cold foods. Plaintiff submitted a request to Defendant Lasley for immediate dental treatment. However, Defendant Lasley scheduled Plaintiff's dentist appointment for over a month later (May 5, 2009). When Plaintiff sought to expedite his own treatment by offering to pay for his own emergency transportation and dental care at an outside facility, his offer was denied. (Doc. 8 at 2, 5.)

A few days later, on April 13, 2009, Plaintiff filed a formal institutional complaint regarding the delay in his dental care. Defendants Wagoner and Rodgers responded to Plaintiff's complaint, stating that they had contacted Defendant Kanaley, the facility's dental hygienist, and was informed that Plaintiff was scheduled to see a dentist on July 7, 2009 (not May 5, 2009). Plaintiff was advised to contact Defendant Lasley if he wished to receive dental care sooner than July 7, 2009. Plaintiff resubmitted his formal complaint on May 19, 2009, which was subsequently denied by Defendant Ahlin. (Id. at 5-6, Exs. A-D.)

On June 8, 2009, Plaintiff filed a petition for injunctive relief with the Fresno County Superior Court. Two days later, Plaintiff received an initial dental exam, but no treatment was actually performed. On June 16, 2009, Plaintiff was finally seen by Defendant Pham, the facility's dentist, who noted that Plaintiff had an abscess of the tooth and immediately placed Plaintiff on antibiotics. Plaintiff returned for a follow-up appointment on June 30, 2009, at which point Defendant Pham attempted to administer novocaine to Plaintiff seven times without success. Accordingly, Plaintiff did not receive

any dental treatment that day. Instead, Plaintiff was placed on a regiment of antibiotics for an additional ten days. (Id. at 7-8, Exs F-J.)

Based on the above allegations, Plaintiff claims that Defendants failed to provide him prompt, adequate dental care in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff also asserts state law claims for: (1) medical malpractice, (2) oppressive conduct, and (3) violations of his due process rights under the state constitution. In terms of relief, Plaintiff seeks monetary damages and injunctive relief. (Id. at 2, 10-12.)

## III.   DISCUSSION

### A.   Fourteenth Amendment

Plaintiff alleges that he is a civil detainee confined at Coalinga State Hospital pursuant to California's Sexually Violent Predator Act. (Id. at 3.) As a civil detainee, Plaintiff's right to dental care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial and are therefore not similarly situated to those civilly committed, are afforded only those protections provided by the Eighth Amendment). Thus, Plaintiff's inadequate dental care claims are properly analyzed under a more lenient standard than that provided by the Eighth Amendment: Defendants' decisions regarding Plaintiff's dental care must be supported by "professional judgment." Youngberg, 457 U.S. at 321. A defendant fails to use professional judgment when her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [she] did not base [her] decision on such a judgment." Id. at 323.

Applying these standards to the case at hand, Plaintiff appears to state a cognizable claim under the Fourteenth Amendment against Defendant Lasley. Plaintiff alleges that he informed Defendant Lasley of his missing tooth fillings and need for immediate dental care. Plaintiff alleges further that Defendant Lasley had the authority, as the housing unit's registered nurse, to schedule Plaintiff for an

immediate dental appointment but failed to do so.  According to Plaintiff, Defendant Lasley instead scheduled Plaintiff's dental appointment for over a month later, which never actually occurred. Moreover, Plaintiff appears to allege that Defendant Lasley denied Plaintiff's request to seek immediate treatment from an outside dental care provider at Plaintiff's own expense.  For pleading purposes, the Court assumes the truth of the factual allegations.  Coupled with the allegation that Defendant Lasley's decisions and actions were a "substantial departure from accepted professional judgment, practice, or standards," Plaintiff has stated a Fourteenth Amendment claim against this defendant.

Plaintiff also appears to state a cognizable Fourteenth Amendment claim against Defendant Pham.  Plaintiff alleges that Defendant Pham, a dentist at Coalinga State Hospital, examined Plaintiff on June 16, 2009 and June 30, 2009.  Plaintiff alleges further that on both occasions, Defendant Pham failed to refill Plaintiff's missing fillings.  Accordingly to Plaintiff, Defendant Pham instead persisted with a regiment of antibiotics, which proved to be ineffective.  Based upon these factual allegations and Plaintiff's allegation that Defendant Pham's medical decisions were a "substantial departure from accepted professional judgment, practice, or standards," Plaintiff has stated a claim under the Fourteenth Amendment.

As to Defendant Kanaley, however, the Court finds that Plaintiff's allegations fail to state a cognizable Fourteenth Amendment claim.  Plaintiff merely alleges that Defendant Kanaley informed Defendants Wagoner and Rodgers that Plaintiff had a dentist appointment scheduled for July 7, 2009. This allegation is alone insufficient to demonstrate a causal link between the actions of Defendant Kanaley and any deprivation of Plaintiff's dental care or constitutional rights.  Accordingly, Defendant Kanaley should be dismissed from this action.

Plaintiff's allegations also fail to state a cognizable Fourteenth Amendment claim against Defendants Wagoner, Rodgers, Ahlin, and King.  Plaintiff alleges that these defendants failed to intervene after he filed a formal complaint with the state hospital.  In Plaintiff's view, Defendants Wagoner, Rodgers, Ahlin, and King had a responsibility to investigate his situation and should have scheduled an earlier dentist appointment for him.  It is well-established, however, that grievance procedures do not create substantive rights.  Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  Therefore, to the extent that Plaintiff contests

the actions of Defendants Wagoner, Rodgers, Ahlin, and King in connection with the processing of his formal complaints, Plaintiff fails to state a cognizable claim.

### B. State Law Claims

Plaintiff presents several state law claims in his amended complaint.[1] Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under § 1367(c) is discretionary." Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over [any] claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Plaintiff is therefore advised that "if [his] federal claims are dismissed before trial, . . . [his] state claims [will] be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

### C. Leave to Amend

The Court previously dismissed Plaintiff's original complaint with leave to amend and informed Plaintiff that he must specifically link the actions of the defendants to the claimed constitutional violations. Plaintiff has failed to amend his compliant in a meaningful way as to Defendants Kanaley, Wagoner, Rodgers, Ahlin, and King. The Court will therefore recommend that Plaintiff's Fourteenth Amendment claims against these defendants be dismissed without further leave to amend. See Lopez, 203 F.3d at 1127 (leave to amend should be granted unless the court determines that the pleading could not be cured); Ferdik v. Bonzelet, 963 F.2d 1258, 1261 (9th Cir. 1992) (dismissal with prejudice upheld where the court had instructed plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

/////

---

[1] Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an action for damages against a public employee unless he has presented a written claim to the state Victim Compensation and Government Claims Board within six months of accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff alleges compliance with the CTCA in his amended complaint. (See Doc. 8 at 7, Exs. G-H.)

**IV.    CONCLUSION**

In accordance with the above, it is HEREBY RECOMMENDED that:

1. Plaintiff's Fourteenth Amendment claims against Defendants Kanaley, Wagoner, Rodgers, Ahlin, and King be **dismissed with prejudice** for failure to state a claim upon which relief may be granted; and

2. This action be allowed to proceed on Plaintiff's Fourteenth Amendment claims against Defendants Lasley and Pham.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the Eastern District of California.  Within twenty-one days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **December 9, 2010**                                  /s/ Jennifer L. Thurston
                                                                     UNITED STATES MAGISTRATE JUDGE