IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROBERT HUSKEY,<br><br>         Plaintiff,<br><br>     vs.<br><br>PAM AHLIN, et al.,<br><br>         Defendants.<br>_____/ | Case No. 1:09-cv-01576 AWI JLT (PC)<br><br>ORDER GRANTING DEFENDANT PHAM'S MOTION TO DISMISS WITH LEAVE TO AMEND; ORDER REQUIRING PLAINTIFF TO EITHER NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED AS TO DEFENDANT LASKEY ONLY OR FILE A SECOND AMENDED COMPLAINT<br><br>ORDER DENYING DEFENDANT LASKEY'S MOTION TO DISMISS<br><br>ORDER DENYING DEFENDANTS' MOTION TO STRIKE<br><br>FINDINGS AND RECOMMENDATION GRANTING DEFENDANTS' MOTION TO DISMISS THE STATE LAW CLAIMS WITHOUT LEAVE TO AMEND<br><br>(Doc. 21) |

Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983.  On March 29, 2010, Plaintiff filed his First Amended Complaint, ("FAC"). (Doc. 8.) By order filed January 3, 2011, the Court adopted the findings and recommendation which recommended certain claims be dismissed but allowed Plaintiff to proceed on his Fourteenth Amendment claims and associated state law claims as to Defendants Lasley and Pham.  (Doc. 12.)

1  Pending before the Court is Defendants' motion to dismiss and strike Plaintiff's FAC. Plaintiff has filed
2  an opposition to the motion.[1] (Doc. 22 .) The matter was submitted pursuant to Local Rule 230(l). For
3  the reasons set forth below, the Court recommends that Defendants' motion be GRANTED in part and
4  DENIED in part.

## I. SUMMARY OF COMPLAINT

Plaintiff is a civil detainee at the Coalinga State Hospital, where the alleged events giving rise to this action occurred. Plaintiff alleges that on April 1, 2009, he lost two tooth fillings and complained to medical staff, that he was in pain, had trouble sleeping and that he could not eat hot, cold, or hard food due to the missing fillings. (Doc. 8 at 7.) Plaintiff submitted a request to Defendant Lasley for immediate dental treatment. (Id. at 5, 7-8.) However, following Plaintiff's request, Defendant Lasley scheduled Plaintiff for a dentist appointment on May 5, 2009, over a month later. (Id.) When Plaintiff sought to expedite his own treatment by offering to pay for emergency transportation and dental care at an outside facility, his offer was denied. (Doc. 8 at 2, 5.)

On June 16, 2009, Plaintiff was finally seen by Defendant Pham, the hospital's dentist, who noted that Plaintiff had an abscess of the tooth and immediately placed Plaintiff on antibiotics. (Doc. 8 at 8.) Plaintiff returned for a follow-up appointment on June 30, 2009, at which point Defendant Pham attempted to administer novocaine to Plaintiff seven times without success. (Id.) Accordingly, Plaintiff did not receive any dental treatment that day. (Id.) Instead, Plaintiff was placed on a regimen of antibiotics for an additional ten days. (Id. at 7-8, Exs F-J.)

Based on the above allegations, Plaintiff claims that Defendants failed to provide him prompt, adequate dental care in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff also asserts state law claims for: (1) medical malpractice, (2) oppressive conduct, and (3) violations of his due process rights under the state constitution. In terms of relief, Plaintiff seeks monetary damages, including punitive damages and injunctive relief. (Doc. 8 at 2, 10-12.)

## II. FAILURE TO STATE A CLAIM

Defendants contend that Plaintiff has failed to state a claim against both Defendants pursuant to

---

[1] The Court notes that Plaintiff filed duplicate copies of his opposition, on June 23 and 27 of 2011. (Docs. 22 & 23.)

2

1  Rule 12(b)(6).² (Doc. 21 at 13-20.) More specifically, Defendants' moving papers asserts Plaintiff has
2  failed to state cognizable federal claims as to both defendants, and that Defendants are entitled to
3  qualified immunity. (Id. at 20-23, 24-27, 28-30.) As to Plaintiff's state law claims, Defendants assert
4  that Plaintiff has failed to comply with the presentation requirement provided by the California Tort
5  Claims Act ("CTCA"). (Id. at 30-31.) Defendant's additionally move pursuant to Rule 12(f) to strike
6  the FAC's prayer for punitive damages. (Id. at 33.)

7  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint." Schneider v. California Dept.
8  of Corr., 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998). In considering a motion to dismiss for failure to state
9  a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co.
10 v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable
11 to the party opposing the motion, and resolve all doubts in the pleader's favor. Jenkins v. McKeithen,
12 395 U.S. 411, 421 (1969). The federal system is one of notice pleading. Galbraith v. County of Santa
13 Clara, 307 F.3d 1119, 1126 (9th Cir. 2002). In addition, pro se pleadings are held to a less stringent
14 standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).

15 Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim
16 showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a). Detailed factual allegations are not
17 required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
18 statements, do not suffice." Ashcroft v. Iqbal, —U.S.—, —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d
19 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth
20 "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting
21 Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not.
22 Id.

23  **A.    Plaintiff's Claims that Defendants' Conduct Fell Below Constitutional Standards.**
24 Plaintiff's First Amended Complaint alleges that after Plaintiff informed Defendant Lasley of
25 the need for immediate dental care on April 1, 2009, Defendant Lasley delayed Plaintiff's treatment by

---

² Defendants moving papers also appears to move pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction but provide no discussion regarding the rule's application. Accordingly, the Court construes Defendants' Rule 12(b)(1) motion as a motion to dismiss under Rule 12(b)(6).

3

setting Plaintiff's appointment for May 5, 2009, over a month later. (Doc. 8 at 8.) In addition, Plaintiff appears to allege that Defendant Lasley denied Plaintiff's request to seek immediate treatment from an outside dental care provider at Plaintiff's own expense. (Id. at 5.) As to Defendant Pham, Plaintiff alleges that on both June 16, 2009 and June 30, 2009, Defendant Pham, failed to refill Plaintiff's missing fillings and instead persisted with a regimen of antibiotics, which proved to be ineffective. Plaintiff contends that Defendants' conduct constitute a "substantial departure from accepted professional judgment, practice, or standards." (Id. at 9.)

As a civil detainee, Plaintiff's right to dental care is protected by the substantive component of the Due Process Clause of the Fourteenth Amendment. See Youngberg v. Romeo, 457 U.S. 307, 315 (1982). Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22); cf. Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who are confined to ensure their presence at trial and are therefore not similarly situated to those civilly committed, are afforded only those protections provided by the Eighth Amendment). Thus, Plaintiff's inadequate dental care claims are properly analyzed under a more lenient standard than that provided by the Eighth Amendment: Defendants' decisions regarding Plaintiff's dental care must be supported by "professional judgment." Youngberg, 457 U.S. at 321. A defendant fails to use professional judgment when her decision is "such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [she] did not base [her] decision on such a judgment." Id. at 323.

In determining whether the state has met its constitutional obligations, decisions made by the appropriate professional are entitled to a presumption of correctness. Youngberg, 457 U.S. at 324. "[T]he Constitution only requires that the courts make certain that professional judgment in fact was exercised. It is not appropriate for the courts to specify which of several professionally acceptable choices should have been made." Id. at 321. In order to incur liability, a professional must make a decision that "is such a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that the person responsible actually did not base the decision on such a judgment." Id. at 323; Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992).

4

1    Defendants contend that Plaintiff fails to state a claim as to Defendant Lasley, because the FAC
2 fails to allege that when requesting the appointment, Plaintiff made Defendant Lasley aware he was
3 suffering pain. (Doc. 21 at 11, 22) Thus Defendant Lasley's conduct in scheduling the appointment did
4 not violate the "professional judgment" standard. (Id. at 23.) As to the treatment provided by Defendant
5 Pham, Defendants contend Plaintiff's allegations represent only the existence of a disagreement between
6 Plaintiff and his dentist regarding Pham's decision to treat an infection prior to treating the fillings. (Id.
7 at 26) Defendants contend that a mere delay in treatment does not violates the Constitution without
8 evidence of further harm, and a that closer reading of the FAC and its attachments reflect that Plaintiff
9 has not pled sufficient harm. (Id. at 17, 27.) Defendants also argue that Dr. Pham's treatment was a
10 matter within Defendant Pham's "professional judgment." (Id. at 27.) After careful consideration of
11 Plaintiff's FAC and the instant motion, the Court finds that Plaintiff's allegations as to Defendant Lasley
12 are sufficient to survive a motion to dismiss.  However, as discussed further below, the Court
13 recommends Plaintiff's claim against Dr. Pham should be dismissed.

14    Regarding the FAC's allegations as to Plaintiff's statements to Defendant Lasley, the Court notes,
15 that a fair reading of Plaintiff's allegations reflect that he informed Defendant Lasley that he was in pain
16 at the time he requested the appointment. Initially, Plaintiff's FAC identifies Defendant Lasley as the
17 "sick call nurse in unit 5" "charged with making all appointments" including . . . appointments with the
18 dental department." (Doc. 8 at 3.) Later, the FAC states that Plaintiff informed Defendant Lasley that
19 he had "lost two fillings" and asked for an appointment "right away." (Id. at 5.) Subsequently, the FAC
20 also states that:

21 > [o]n or about April 1, 2009, Plaintiff lost two fillings and complained immediately to medical staff in Unit 5, . . . that he could not eat hot, cold or hard food due to missing
22 > fillings. He complained of pain, loss of sound sleep and the need for emergency dental care. Unit Medical Staff on Unit 5, gave Plaintiff aspirin for the pain and scheduled him
23 > for a protracted dental visit a month later.

24 (Id. at 7.) Construing the pleading in a light most favorable to Plaintiff and especially given the more
25 liberal pleading standard afforded to pro se litigants, Plaintiff's allegations sufficiently challenge
26 Defendants' assertion that Plaintiff did not inform Defendant Lasley that he was in pain. These
27 allegations coupled with the allegations regarding Defendant Lasley's actions in delaying Plaintiff's
28 treatment and denying Plaintiff's request to seek treatment from outside dental care, are sufficient to

5

survive Defendant's motion to dismiss.

However, Defendant's assertions regarding the quality of care provided by Dr. Pham are well supported. As Defendant correctly points out, the FAC's attachments (which include dental records from three separate appointments occurring on June 10, 16, and 30 of 2009), reflect that Plaintiff was seen by Dr. Pham, who performed examinations, took x-rays, gave Plaintiff antibiotics for an infection, and developed a treatment plan. (Doc. 8 at 38-39.) Additionally, in a signed affidavit attached to the FAC, Plaintiff indicates that in July of 2009, Pham made contact with Plaintiff again, and then prescribed a stronger dose of antibiotics which eliminated the infection within ten days. (Id. at 46.) Thus according to the documents attached to the FAC, it is clear that Dr. Pham's decision to treat an infection caused by an abscessed tooth, (arguably a more serious health issue), prior to addressing Plaintiff's missing tooth filling, fails to demonstrate medical malpractice but instead reflect the exercise of Dr. Pham's well considered professional judgment, which the Court must treat as "presumptively valid." Youngberg, 457 U.S. at 324. Because Plaintiff's allegations as to Defendant Pham amount to nothing more than conclusory and unwarranted inferences, they fail to overcome the presumption that the treatment decisions made were valid and are insufficient to defeat a motion to dismiss. Id. Consequently, the Court recommends Defendant's motion to dismiss be granted as to Plaintiff's claim against Defendant Pham.

**B.   The Record is Insufficient to Determine Whether Defendants Were Entitled to Qualified Immunity as to Defendant Lasley**

Defendants raise the defense of qualified immunity. (Doc. 21 at 28-30.) In resolving a claim for qualified immunity the court addresses two questions: (1) whether the facts, when taken in the light most favorable to plaintiff, demonstrate that the officer's actions violated a constitutional right and (2) whether a reasonable officer could have believed that his conduct was lawful, in light of clearly established law and the information the officer possessed. Anderson v. Creighton, 483 U.S. 635, 639-40 (1987); see also Saucier v. Katz, 533 U.S. 194, 205 (2001). Although the Supreme Court at one time mandated that lower courts consider these two questions in the order just presented, more recently the Supreme Court announced that it is within the lower courts' discretion to address these questions in the order that makes the most sense given the circumstances of the case. Pearson v. Callahan, 555 U.S. 223, 224 (2009).

6

The Ninth Circuit has recognized that "a motion to dismiss on qualified immunity grounds puts the court in the difficult position of deciding far-reaching constitutional questions on a non-existent factual record." Hydrick v. Hunter, 500 F.3d 978, 998 (9th Cir. 2007), vacated on other grounds, --- U.S. ----, 129 S.Ct. 2431, 174 L.Ed.2d 226 (2009) (internal quotation marks omitted). The Ninth Circuit has also noted that the court must be "cautious not to eviscerate the notice pleading standard in suits where qualified immunity is at issue." Id.

In Plaintiff's surviving claim, he alleges that Defendants Lasley's conduct resulted in the delay of his treatment which violated his rights under the Fourteenth Amendment. The Court has concluded that Plaintiff's bare allegations as to Lasley are sufficient to state constitutional violations as described above. Although there may be factual evidence that subsequently alters the Court's resolution of whether a constitutional right was, in fact, violated, the Court is unable to resolve the inquiry mandated by Saucier on the current record. Furthermore, whether Defendant Lasley reasonably could have believed that their conduct was lawful requires a greater development of the record. Thus, it is recommended that the motion to dismiss on qualified immunity as to Defendant Lasley be denied.[3]

**C.    Plaintiff's State Law Claims Fail to Comply with California's Tort Claims Act**

Defendants argue that Plaintiff's state law causes of action are barred by the statute of limitations set forth in the California Tort Claims Act. Pursuant to the statute, a tort claim against a public entity or public employee must be timely filed with the public entity before the action is brought. Cal. Gov't Code §§ 945.4, 950.2. Section 945.6 further provides that any suit brought against a public entity "must be commenced" within six months after the claim is rejected. Id. § 945.6; see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) (pendant state law tort claims in federal cases against individual and public entity defendants are barred unless plaintiffs comply with the Tort Claims Act).

According to the First Amended Complaint, Plaintiff filed his government claims on July 1, 2009 (Doc. 8 at 30) and according to Defendants, Plaintiff's claim was rejected by the Board on August 13,

---

[3] As the Court recommends that Plaintiff's claim against Defendant Pham be dismissed, the Court finds it unnecessary to reach Defendants' claim of qualified immunity as to Defendant Pham.

7

2009.[4] (Doc. 21 at 31). Defendants contend that Plaintiff failed to comply with Section 945.6's requirement to commence the suit within six months because his original complaint filed on September 8, 2009, did not name Defendants Pham and Lasley. When Plaintiff's FAC naming both Defendants was filed on March 25, 2010, the CTCA's six month deadline had expired. (Doc. 21 at 31.) Defendants additionally assert that Plaintiffs FAC does not relate back for the purposes of claim filing to the date of his original complaint. This is true because under California Code of Civil Procedure Section 474, relations back is only appropriate where the plaintiff is ignorant of the identity of the fictitious Doe defendant named in the original complaint, at the time the suit was filed. (Doc. 21 at 31.) Because, Plaintiff's original complaint reflects that Plaintiff was not unaware or ignorant of both Defendants Lasley and Pham at time of filing his original complaint, Plaintiff cannot avail himself to the state's relations back provisions and his claim is barred by the CTCA's six month filing requirement. Defendants are correct.

     As a preliminary matter, the Court notes that California law applies to the question of relation back. "Under California law, a plaintiff who names a Doe defendant in his complaint and alleges that the defendant's true name is unknown has three years from the commencement of the action in which to discover the identity of the Doe defendant, to amend the complaint accordingly, and to effect service of the complaint." Lindley v. General Electric Co., 780 F.2d 797, 799 (9th Cir. 1986) (citing Cal.Civ.Proc.Code § 474). The Ninth Circuit has applied § 474 to state claims filed in federal court pursuant to diversity jurisdiction (See generally id), and to claims brought under 42 U.S.C. § 1983 because the statute of limitations for those actions is governed by California law. Kreines v. United States, 959 F.2d 834, 836–37 (9th Cir. 1992) (applying Cal.Civ.Proc.Code §§ 474 to a Bivens suit); Cabrales v. County of Los Angeles, 864 F.2d 1454, 1462–64 (9th Cir. 1988) (vacated on other grounds and applying the statute to a § 1983 suit). Therefore, California's law governing relation-back of claims therefore applies to state law claims over which a federal court has supplemental jurisdiction. The

---

[4] Plaintiff's FAC alleges his claim was denied by the board on July 16, 2009 however in a letter attached to Plaintiff's FAC, the board indicated that it would act on Plaintiff's claim at a hearing scheduled for August 13, 2009. (Doc. 8 at 35.) Defendants state the board rejected Plaintiff's claim on August 13, 2009 and ask this Court to take judicial notice of the board's letter to this effect. (Doc. 21 at 31.) However, the Court finds Defendants' request unnecessary, because in construing the allegations of the complaint in a light most favorable to Plaintiff, the Court finds the August 13, 2009 date more favorable to Plaintiff because it would have allowed him even more time within which to comply with the CTCA's six-month filing requirement.

8

"general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed." Woo v. Superior Court, 75 Cal.App.4th 169, 176 (1999). An exception to the general rule "is substitution under [California Code of Civil Procedure] section 474 of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint." Woo, 75 Cal.App.4th at 176. The relation-back doctrine applies "[w]here a complaint sets forth, or attempts to set forth, a cause of action against a defendant designated by fictitious name and his true name is thereafter discovered and substituted by amendment . . ." Austin v. Massachusetts Bonding & Insurance Co., 56 Cal.2d 596, 599 (1961). California Code of Civil Procedure section 474 provides that: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . ." Cal. Code Civ. Proc. § 474. A "party may only avail himself of the use of naming Doe defendants as parties when the true facts and identities are genuinely unknown to the plaintiff." Ingram v. Superior Court, 98 Cal.App.3d 483, 492 (1979).

Here, Plaintiff cannot establish that he was ignorant of Defendants Lasley and Pham at the time he first filed his federal complaint. First, though Plaintiff's initial complaint failed to name Lasley and Pham as defendants, the original complaint and its attachments refer to both Nurse Lasley and Dr. Pham by name. (Doc. 1 at 3, 18, 24, 29, 32, 34-35). Neither Lasely or Pham were unascertainable defendants with whom Plaintiff could not uncover without the benefit of discovery. Plaintiff was not delayed in discovering either Defendant. Instead, he merely chose not to pursue claims against them earlier. Accordingly, Plaintiff's FAC related to these defendants does not relate back to those raised in his original complaint. Thus, Plaintiff's state law claims are time barred under the CTCA's requirements.[5]

### D. Rule 12(f) Motion to Strike the FAC's Prayer for Punitive Damages

The Court notes that, despite the title of the motion, Defendants do not challenge the availability of punitive damages, rather they challenge the sufficiency of the allegations to support punitive damages.

---

[5] Defendants argue additionally that various claims raised by Plaintiff's FAC were not reflected in his government claim and should therefore be dismissed. (Doc. 21 at 32-33) However, because the Court has determined that Plaintiff's state law claims are barred, the Court finds it unnecessary to reach this portion of Defendants' argument.

9

(Doc. 21 at 33.) The proper medium for challenging the sufficiency of factual allegations in a complaint is through Rule 12(b)(6), not Rule 12(f). Consumer Solutions Reo, LLC v. Hillery, 658 F.Supp.2d 1002, 1020 (N.D.Cal. 2009); Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC, No. 07-CV-912 IEG BLM, 2007 WL 2206946 at *7 (S.D.Cal. July 27, 2007); Orlando v. Carolina Cas. Ins. Co., No. CIV F 07-0092 AWI SMS, 2007 WL 781598 at *9 n. 12 (E.D.Cal. Mar. 13, 2007).

A plaintiff may recover punitive damages under § 1983 against an individual defendant whose conduct is "shown to be motivated by evil motive or intent, or when [the conduct] involves reckless or callous indifference to the rights of others." Smith v. Wade, 461 U.S. 30, 56 (1983). Conduct that is shown to be "oppressive" will also suffice. Dang v. Cross, 422 F.3d 800, 807–08 (9th Cir. 2005). Here, as explained above, the Court finds that Plaintiff states cognizable claims under § 1983 against Defendants Lasley and Pham. Moreover, Plaintiff alleges that in violating his constitutional rights, the Defendants' actions were oppressive. (Doc. 8 at 2.) At this juncture, the Court finds this sufficient to support Plaintiff's prayer for punitive damages.

### III. Leave to Amend

Though the Court has grave concerns about Plaintiff's ability to cure the defects identified in this order as to Defendant Pham, the Court will provide Plaintiff an opportunity to amend his pleadings to do so. See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotations omitted). If Plaintiff elects to file an amended complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff is advised also that once he files an amended complaint, his original pleadings are superceded and no longer serve any function in the case. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Thus, the amended complaint must be "complete in itself without reference to the prior or superceded pleading." Local Rule 220. "All causes of action alleged in an original complaint which are not [re-]alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted)

As to the state law claims, Plaintiff's claims as to both defendants fail as a matter of law and the

deficiencies at issue regarding Plaintiff's state law claims are not capable of being cured through amendment and the Court therefore recommends dismissal of Plaintiff's state law claims, with prejudice. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

**ORDER**

The Court finds that Plaintiff's complaint states a cognizable claim against Defendant Laskey for delaying Plaintiff's treatment and denying Plaintiff's request to seek immediate treatment from an outside dental care provider.  However, Plaintiff's claims as to the inadequate treatment provided by Defendant Pham and his state law claims as to both Defendants fail to state a cognizable claim. Therefore, the Court **ORDERS**:

1. Defendant Laskey's motion to dismiss is **DENIED**;
2. Defendant Pham's motion to dismiss is **GRANTED**.
3. Within 21 days from the date of service of this order, Plaintiff shall either:
   a. Notify the Court in writing that he wishes to proceed as to Defendant Laksey only; or
   b. File a second amended complaint attempting to cure the deficiencies in his due process claim against DefendantPham;
4. Defendants' motion to strike is **DENIED**;

In accordance with the above, it is **HEREBY RECOMMENDED** that:

1. Defendants' Motion to Dismiss as to the state law claims be **GRANTED** without leave to amend.

These findings and recommendations are submitted to the United States District Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 21 days after being served with these findings and recommendations, any party may file and serve written objections with the Court. A document containing objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be filed and served within 14 days of the date of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

1991).

IT IS SO ORDERED.

Dated:   **November 18, 2011**                                    **/s/ Jennifer L. Thurston**
                                                                       UNITED STATES MAGISTRATE JUDGE