1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KENNETH ROBERT HUSKEY,                    Case No. 1:09-cv-01576 AWI JLT (PC)

12              Plaintiff,                      ORDER GRANTING DEFENDANT
                                                PHAM'S MOTION TO DISMISS WITH
13        vs.                                   LEAVE TO AMEND; ORDER
                                                REQUIRING PLAINTIFF TO EITHER
14   PAM AHLIN, et al.,                         NOTIFY THE COURT OF HIS
                                                WILLINGNESS TO PROCEED AS TO
15              Defendants.                     DEFENDANT LASKEY ONLY OR FILE
                                                A SECOND AMENDED COMPLAINT
16   _____/
                                                ORDER DENYING DEFENDANT
17                                              LASKEY'S MOTION TO DISMISS

18                                              ORDER DENYING DEFENDANTS'
                                                MOTION TO STRIKE
19
                                                FINDINGS AND RECOMMENDATION
20                                              GRANTING DEFENDANTS' MOTION
                                                TO DISMISS THE STATE LAW CLAIMS
21                                              WITHOUT LEAVE TO AMEND

22                                              (Doc. 21)

23

24          Plaintiff is a civil detainee proceeding pro se and *in forma pauperis* with a civil rights action

25   pursuant to 42 U.S.C. § 1983.  On March 29, 2010, Plaintiff filed his First Amended Complaint,

26   ("FAC"). (Doc. 8.) By order filed January 3, 2011, the Court adopted the findings and recommendation

27   which recommended certain claims be dismissed but allowed Plaintiff to proceed on his Fourteenth

28   Amendment claims and associated state law claims as to Defendants Lasley and Pham.  (Doc. 12.)

                                                1

1   Pending before the Court is Defendants' motion to dismiss and strike Plaintiff's FAC.  Plaintiff has filed

2   an opposition to the motion.[1]  (Doc. 22 .)  The matter was submitted pursuant to Local Rule 230(l).  For

3   the reasons set forth below, the Court recommends that Defendants' motion be GRANTED in part and

4   DENIED in part.

5   **I.      SUMMARY OF COMPLAINT**

6          Plaintiff is a civil detainee at the Coalinga State Hospital, where the alleged events giving rise

7   to this action occurred.  Plaintiff alleges that on April 1, 2009, he lost two tooth fillings and complained

8   to medical staff, that he was in pain, had trouble sleeping and that he could not eat hot, cold, or hard food

9   due to the missing fillings.  (Doc. 8 at 7.)  Plaintiff submitted a request to Defendant Lasley for

10  immediate dental treatment.  (Id. at 5, 7-8.)  However, following Plaintiff's request, Defendant Lasley

11  scheduled Plaintiff for a dentist appointment on May 5, 2009, over a month later.  (Id.)  When Plaintiff

12  sought to expedite his own treatment by offering to pay for emergency transportation and dental care at

13  an outside facility, his offer was denied.  (Doc. 8 at 2, 5.)

14         On June 16, 2009, Plaintiff was finally seen by Defendant Pham, the hospital's dentist, who

15  noted that Plaintiff had an abscess of the tooth and immediately placed Plaintiff on antibiotics. (Doc. 8

16  at 8.) Plaintiff returned for a follow-up appointment on June 30, 2009, at which point Defendant Pham

17  attempted to administer novocaine to Plaintiff seven times without success.  (Id.)  Accordingly, Plaintiff

18  did not receive any dental treatment that day.  (Id.)  Instead, Plaintiff was placed on a regimen of

19  antibiotics for an additional ten days.  (Id. at 7-8, Exs F-J.)

20         Based on the above allegations, Plaintiff claims that Defendants failed to provide him prompt,

21  adequate dental care in violation of the Due Process Clause of the Fourteenth Amendment.  Plaintiff also

22  asserts state law claims for: (1) medical malpractice, (2) oppressive conduct, and (3) violations of his

23  due process rights under the state constitution.  In terms of relief, Plaintiff seeks monetary damages,

24  including punitive damages and injunctive relief.  (Doc. 8 at 2, 10-12.)

25  **II.     FAILURE TO STATE A CLAIM**

26         Defendants contend that Plaintiff has failed to state a claim against both Defendants pursuant to

27

28         [1] The Court notes that Plaintiff filed duplicate copies of his opposition, on June 23 and 27 of 2011.  (Docs. 22 & 23.)

Rule 12(b)(6).[2] (Doc. 21 at 13-20.)  More specifically, Defendants' moving papers asserts Plaintiff has failed to state cognizable federal claims as to both defendants, and that Defendants are entitled to qualified immunity.  (Id. at 20-23, 24-27, 28-30.)  As to Plaintiff's state law claims, Defendants assert that Plaintiff has failed to comply with the presentation requirement provided by the  California Tort Claims Act ("CTCA").  (Id. at 30-31.)  Defendant's additionally move pursuant to Rule 12(f) to strike the FAC's prayer for punitive damages.  (Id. at 33.)

"The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998).  In considering a motion to dismiss for failure to state a claim, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  The federal system is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126 (9th Cir. 2002).  In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, ——U.S. ——, ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id.

### A.    Plaintiff's Claims that Defendants' Conduct Fell Below Constitutional Standards.

Plaintiff's First Amended Complaint alleges that after Plaintiff informed Defendant Lasley of the need for immediate dental care on April 1, 2009, Defendant Lasley delayed Plaintiff's treatment by

---

[2]Defendants moving papers also appears to move pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction but provide no discussion regarding the rule's application.  Accordingly, the Court construes Defendants' Rule 12(b)(1) motion as a motion to dismiss under Rule 12(b)(6).

1   setting Plaintiff's appointment for May 5, 2009, over a month later. (Doc. 8 at 8.)  In addition, Plaintiff

2   appears to allege that Defendant Lasley denied Plaintiff's request to seek immediate treatment from an

3   outside dental care provider at Plaintiff's own expense.  (Id. at 5.)  As to Defendant Pham, Plaintiff

4   alleges that on both June 16, 2009 and June 30, 2009, Defendant Pham, failed to refill Plaintiff's missing

5   fillings and instead persisted with a regimen of antibiotics, which proved to be ineffective.  Plaintiff

6   contends that Defendants' conduct constitute a "substantial departure from accepted professional

7   judgment, practice, or standards."  (Id. at 9.)

8        As a civil detainee, Plaintiff's right to dental care is protected by the substantive component of

9   the Due Process Clause of the Fourteenth Amendment.  See Youngberg v. Romeo, 457 U.S. 307, 315

10  (1982).  Under this provision of the Constitution, Plaintiff is "entitled to more considerate treatment and

11  conditions of confinement than criminals whose conditions of confinement are designed to punish."

12  Jones v. Blanas, 393 F.3d 918, 931 (9th Cir. 2004) (quoting Youngberg, 457 U.S. at 321-22); cf.

13  Clouthier v. County of Contra Costa, 591 F.3d 1232, 1243-44 (9th Cir. 2010) (pretrial detainees, who

14  are confined to ensure their presence at trial and are therefore not similarly situated to those civilly

15  committed, are afforded only those protections provided by the Eighth Amendment).  Thus, Plaintiff's

16  inadequate dental care claims are properly analyzed under a more lenient standard than that provided by

17  the Eighth Amendment:  Defendants' decisions regarding Plaintiff's dental care must be supported by

18  "professional judgment."  Youngberg, 457 U.S. at 321.  A defendant fails to use professional judgment

19  when her decision is "such a substantial departure from accepted professional judgment, practice, or

20  standards as to demonstrate that [she] did not base [her] decision on such a judgment."  Id. at 323.

21       In determining whether the state has met its constitutional obligations, decisions made by the

22  appropriate professional are entitled to a presumption of correctness.  Youngberg, 457 U.S. at 324.

23  "[T]he Constitution only requires that the courts make certain that professional judgment in fact was

24  exercised. It is not appropriate for the courts to specify which of several professionally acceptable

25  choices should have been made."  Id. at 321.  In order to incur liability, a professional must make a

26  decision that "is such a substantial departure from accepted professional judgment, practice, or standards

27  as to demonstrate that the person responsible actually did not base the decision on such a judgment."

28  Id. at 323; Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992).

1    Defendants contend that Plaintiff fails to state a claim as to Defendant Lasley, because the FAC

2    fails to allege that when requesting the appointment, Plaintiff made Defendant Lasley aware he was

3    suffering pain. (Doc. 21 at 11, 22) Thus Defendant Lasley's conduct in scheduling the appointment did

4    not violate the "professional judgment" standard. (Id. at 23.) As to the treatment provided by Defendant

5    Pham, Defendants contend Plaintiff's allegations represent only the existence of a disagreement between

6    Plaintiff and his dentist regarding Pham's decision to treat an infection prior to treating the fillings. (Id.

7    at 26) Defendants contend that a mere delay in treatment does not violates the Constitution without

8    evidence of further harm, and a that closer reading of the FAC and its attachments reflect that Plaintiff

9    has not pled sufficient harm. (Id. at 17, 27.) Defendants also argue that Dr. Pham's treatment was a

10   matter within Defendant Pham's "professional judgment." (Id. at 27.) After careful consideration of

11   Plaintiff's FAC and the instant motion, the Court finds that Plaintiff's allegations as to Defendant Lasley

12   are sufficient to survive a motion to dismiss.   However, as discussed further below, the Court

13   recommends Plaintiff's claim against Dr. Pham should be dismissed.

14          Regarding the FAC's allegations as to Plaintiff's statements to Defendant Lasley, the Court notes,

15   that a fair reading of Plaintiff's allegations reflect that he informed Defendant Lasley that he was in pain

16   at the time he requested the appointment.  Initially, Plaintiff's FAC identifies Defendant Lasley as the

17   "sick call nurse in unit 5" "charged with making all appointments" including . . . appointments with the

18   dental department." (Doc. 8 at 3.) Later, the FAC states that Plaintiff informed Defendant Lasley that

19   he had "lost two fillings" and asked for an appointment "right away." (Id. at 5.) Subsequently, the FAC

20   also states that:

21          [o]n or about April 1, 2009, Plaintiff lost two fillings and complained immediately to
            medical staff in Unit 5, . . . that he could not eat hot, cold or hard food due to missing
22          fillings.  He complained of pain, loss of sound sleep and the need for emergency dental
            care. Unit Medical Staff on Unit 5, gave Plaintiff aspirin for the pain and scheduled him
23          for a protracted dental visit a month later.

24   (Id. at 7.) Construing the pleading in a light most favorable to Plaintiff and especially given the more

25   liberal pleading standard afforded to pro se litigants, Plaintiff's allegations sufficiently challenge

26   Defendants' assertion that Plaintiff did not inform Defendant Lasley that he was in pain.  These

27   allegations coupled with the allegations regarding Defendant Lasley's actions in delaying Plaintiff's

28   treatment and denying Plaintiff's request to seek treatment from outside dental care, are sufficient to

5

1  survive Defendant's motion to dismiss.

2      However, Defendant's assertions regarding the quality of care provided by Dr. Pham are well

3  supported.  As Defendant correctly points out, the FAC's attachments (which include dental records

4  from three separate appointments occurring on June 10, 16, and 30 of 2009), reflect that Plaintiff was

5  seen by Dr. Pham, who performed examinations, took x-rays, gave Plaintiff antibiotics for an infection,

6  and developed a treatment plan.  (Doc. 8 at 38-39.)  Additionally, in a signed affidavit attached to the

7  FAC, Plaintiff indicates that in July of 2009, Pham made contact with Plaintiff again, and then

8  prescribed a stronger dose of antibiotics which eliminated the infection within ten days.  (Id. at 46.)

9  Thus according to the documents attached to the FAC, it is clear that Dr. Pham's decision to treat an

10  infection caused by an abscessed tooth, (arguably a more serious health issue), prior to addressing

11  Plaintiff's missing tooth filling, fails to demonstrate medical malpractice but instead reflect the exercise

12  of Dr. Pham's well considered professional judgment, which the Court must treat as "presumptively

13  valid." Youngberg, 457 U.S. at 324.  Because Plaintiff's allegations as to Defendant Pham amount to

14  nothing more than conclusory and unwarranted inferences, they fail to overcome the presumption that

15  the treatment decisions made were valid and are insufficient to defeat a motion to dismiss.  Id.

16  Consequently, the Court recommends Defendant's motion to dismiss be granted as to Plaintiff's claim

17  against Defendant Pham.

18      **B.      The Record is Insufficient to Determine Whether Defendants Were Entitled to**

19          **Qualified Immunity as to Defendant Lasley**

20      Defendants raise the defense of qualified immunity.  (Doc. 21 at 28-30.)  In resolving a claim for

21  qualified immunity the court addresses two questions: (1) whether the facts, when taken in the light most

22  favorable to plaintiff, demonstrate that the officer's actions violated a constitutional right and (2) whether

23  a reasonable officer could have believed that his conduct was lawful, in light of clearly established law

24  and the information the officer possessed. Anderson v. Creighton, 483 U.S. 635, 639-40 (1987); see also

25  Saucier v. Katz, 533 U.S. 194, 205 (2001).  Although the Supreme Court at one time mandated that

26  lower courts consider these two questions in the order just presented, more recently the Supreme Court

27  announced that it is within the lower courts' discretion to address these questions in the order that makes

28  the most sense given the circumstances of the case. Pearson v. Callahan, 555 U.S. 223, 224 (2009).

1    The Ninth Circuit has recognized that "a motion to dismiss on qualified immunity grounds puts

2    the court in the difficult position of deciding far-reaching constitutional questions on a non-existent

3    factual record." Hydrick v. Hunter, 500 F.3d 978, 998 (9th Cir. 2007), vacated on other grounds, --- U.S.

4    ----, 129 S.Ct. 2431, 174 L.Ed.2d 226 (2009) (internal quotation marks omitted).  The Ninth Circuit has

5    also noted that the court must be "cautious not to eviscerate the notice pleading standard in suits where

6    qualified immunity is at issue."  Id.

7        In Plaintiff's surviving claim, he alleges that Defendants Lasley's conduct resulted in the delay

8    of his treatment which violated his rights under the Fourteenth Amendment.  The Court has concluded

9    that Plaintiff's bare allegations as to Lasley are sufficient to state constitutional violations as described

10   above.  Although there may be factual evidence that subsequently alters the Court's resolution of whether

11   a constitutional right was, in fact, violated, the Court is unable to resolve the inquiry mandated by

12   Saucier on the current record.  Furthermore, whether Defendant Lasley reasonably could have believed

13   that their conduct was lawful requires a greater development of the record.  Thus, it is recommended that

14   the motion to dismiss on qualified immunity as to Defendant Lasley be denied.[3]

15        **C.      Plaintiff's State Law Claims Fail to Comply with California's Tort Claims Act**

16        Defendants argue that Plaintiff's state law causes of action are barred by the statute of limitations

17   set forth in the California Tort Claims Act.  Pursuant to the statute, a tort claim against a public entity

18   or public employee must be timely filed with the public entity before the action is brought.  Cal. Gov't

19   Code §§ 945.4, 950.2. Section 945.6 further provides that any suit brought against a public entity "must

20   be commenced" within six months after the claim is rejected.  Id. § 945.6; see also Karim-Panahi v. Los

21   Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) (pendant state law tort claims in federal cases

22   against individual and public entity defendants are barred unless plaintiffs comply with the Tort Claims

23   Act).

24        According to the First Amended Complaint, Plaintiff filed his government claims on July 1, 2009

25   (Doc. 8 at 30) and according to Defendants, Plaintiff's claim was rejected by the Board on August 13,

26

27

28      [3]As the Court recommends that Plaintiff's claim against Defendant Pham be dismissed, the Court finds it unnecessary
     to reach Defendants' claim of qualified immunity as to Defendant Pham.

2009.[4] (Doc. 21 at 31).   Defendants contend that Plaintiff failed to comply with Section 945.6's requirement to commence the suit within six months because his original complaint filed on September 8, 2009, did not name Defendants Pham and Lasley.  When Plaintiff's FAC naming both Defendants was filed on March 25, 2010, the CTCA's six month deadline had expired.  (Doc. 21 at 31.)  Defendants additionally assert that Plaintiffs FAC does not relate back for the purposes of claim filing to the date of his original complaint.  This is true because under California Code of Civil Procedure Section 474, relations back is only appropriate where the plaintiff is ignorant of the identity of the fictitious Doe defendant named in the original complaint, at the time the suit was filed.  (Doc. 21 at 31.)  Because, Plaintiff's original complaint reflects that Plaintiff was not unaware or ignorant of both Defendants Lasley and Pham at time of filing his original complaint, Plaintiff cannot avail himself to the state's relations back provisions and his claim is barred by the CTCA's six month filing requirement. Defendants are correct.

     As a preliminary matter, the Court notes that California law applies to the question of relation back.  "Under California law, a plaintiff who names a Doe defendant in his complaint and alleges that the defendant's true name is unknown has three years from the commencement of the action in which to discover the identity of the Doe defendant, to amend the complaint accordingly, and to effect service of the complaint."   Lindley v. General Electric Co., 780 F.2d 797, 799 (9th Cir. 1986) (citing Cal.Civ.Proc.Code § 474).   The Ninth Circuit has applied § 474 to state claims filed in federal court pursuant to diversity jurisdiction (See generally id), and to claims brought under 42 U.S.C. § 1983 because the statute of limitations for those actions is governed by California law.  Kreines v. United States, 959 F.2d 834, 836–37 (9th Cir. 1992) (applying Cal.Civ.Proc.Code §§ 474 to a Bivens suit); Cabrales v. County of Los Angeles, 864 F.2d 1454, 1462–64 (9th Cir. 1988) (vacated on other grounds and applying the statute to a § 1983 suit). Therefore, California's law governing relation-back of claims therefore applies to state law claims over which a federal court has supplemental jurisdiction.     The

_____

[4] Plaintiff's FAC alleges his claim was denied by the board on July 16, 2009 however in a letter attached to Plaintiff's FAC, the board indicated that it would act on Plaintiff's claim at a hearing scheduled for August 13, 2009.  (Doc. 8 at 35.) Defendants state the board rejected Plaintiff's claim on August 13, 2009 and ask this Court to take judicial notice of the board's letter to this effect. (Doc. 21 at 31.)  However, the Court finds Defendants' request unnecessary, because in construing the allegations of the complaint in a light most favorable to Plaintiff, the Court finds the August 13, 2009 date more favorable to Plaintiff because it would have allowed him even more time within which to comply with the CTCA's six-month filing requirement.

"general rule is that an amended complaint that adds a new defendant does not relate back to the date of filing the original complaint and the statute of limitations is applied as of the date the amended complaint is filed, not the date the original complaint is filed." Woo v. Superior Court, 75 Cal.App.4th 169, 176 (1999). An exception to the general rule "is substitution under [California Code of Civil Procedure] section 474 of a new defendant for a fictitious Doe defendant named in the original complaint as to whom a cause of action was stated in the original complaint." Woo, 75 Cal.App.4th at 176. The relation-back doctrine applies "[w]here a complaint sets forth, or attempts to set forth, a cause of action against a defendant designated by fictitious name and his true name is thereafter discovered and substituted by amendment . . ." Austin v. Massachusetts Bonding & Insurance Co., 56 Cal.2d 596, 599 (1961). California Code of Civil Procedure section 474 provides that: "When the plaintiff is ignorant of the name of a defendant, he must state that fact in the complaint . . . and such defendant may be designated in any pleading or proceeding by any name, and when his true name is discovered, the pleading or proceeding must be amended accordingly . . ." Cal. Code Civ. Proc. § 474. A "party may only avail himself of the use of naming Doe defendants as parties when the true facts and identities are genuinely unknown to the plaintiff." Ingram v. Superior Court, 98 Cal.App.3d 483, 492 (1979).

Here, Plaintiff cannot establish that he was ignorant of Defendants Lasley and Pham at the time he first filed his federal complaint. First, though Plaintiff's initial complaint failed to name Lasley and Pham as defendants, the original complaint and its attachments refer to both Nurse Lasley and Dr. Pham by name. (Doc. 1 at 3, 18, 24, 29, 32, 34-35). Neither Lasely or Pham were unascertainable defendants with whom Plaintiff could not uncover without the benefit of discovery. Plaintiff was not delayed in discovering either Defendant. Instead, he merely chose not to pursue claims against them earlier. Accordingly, Plaintiff's FAC related to these defendants does not relate back to those raised in his original complaint. Thus, Plaintiff's state law claims are time barred under the CTCA's requirements.[5]

**D.      Rule 12(f) Motion to Strike the FAC's Prayer for Punitive Damages**

The Court notes that, despite the title of the motion, Defendants do not challenge the availability of punitive damages, rather they challenge the sufficiency of the allegations to support punitive damages.

---

[5]Defendants argue additionally that various claims raised by Plaintiff's FAC were not reflected in his government claim and should therefore be dismissed. (Doc. 21 at 32-33) However, because the Court has determined that Plaintiff's state law claims are barred, the Court finds it unnecessary to reach this portion of Defendants' argument.

1   (Doc. 21 at 33.)  The proper medium for challenging the sufficiency of factual allegations in a complaint

2   is through Rule 12(b)(6), not Rule 12(f).  <u>Consumer Solutions Reo, LLC v. Hillery</u>, 658 F.Supp.2d 1002,

3   1020 (N.D.Cal. 2009); <u>Mat-Van, Inc. v. Sheldon Good & Co. Auctions, LLC</u>, No. 07-CV-912 IEG BLM,

4   2007 WL 2206946 at *7 (S.D.Cal. July 27, 2007); <u>Orlando v. Carolina Cas. Ins. Co.</u>, No. CIV F 07-0092

5   AWI SMS, 2007 WL 781598 at *9 n. 12 (E.D.Cal. Mar. 13, 2007).

6        A plaintiff may recover punitive damages under § 1983 against an individual defendant whose

7   conduct is "shown to be motivated by evil motive or intent, or when [the conduct] involves reckless or

8   callous indifference to the rights of others."  <u>Smith v. Wade</u>, 461 U.S. 30, 56 (1983).  Conduct that is

9   shown to be "oppressive" will also suffice.  <u>Dang v. Cross</u>, 422 F.3d 800, 807–08 (9th Cir. 2005).  Here,

10  as explained above, the Court finds that Plaintiff states cognizable claims under § 1983 against

11  Defendants Lasley and Pham.  Moreover, Plaintiff alleges that in violating his constitutional rights, the

12  Defendants' actions were oppressive.  (Doc. 8 at 2.)  At this juncture, the Court finds this sufficient to

13  support Plaintiff's prayer for punitive damages.

14  **III.    Leave to Amend**

15       Though the Court has grave concerns about Plaintiff's ability to cure the defects identified in this

16  order as to Defendant Pham, the Court will provide Plaintiff an opportunity to amend his pleadings to

17  do so.  <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987) ("A pro se litigant must be given

18  leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint

19  could not be cured by amendment.") (internal quotations omitted).  If Plaintiff elects to file an amended

20  complaint, he is cautioned that he may not change the nature of this suit by adding new, unrelated claims

21  in his amended complaint.  <u>See</u> <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot"

22  complaints).  Plaintiff is advised also that once he files an amended complaint, his original pleadings are

23  superceded and no longer serve any function in the case.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir.

24  1967).  Thus, the amended complaint must be "complete in itself without reference to the prior or

25  superceded pleading." Local Rule 220.  "All causes of action alleged in an original complaint which are

26  not [re-]alleged in an amended complaint are waived."  <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir.

27  1987) (citations omitted)

28       As to the state law claims, Plaintiff's claims as to both defendants fail as a matter of law and the

10

1    deficiencies at issue regarding Plaintiff's state law claims are not capable of being cured through

2    amendment and the Court therefore recommends dismissal of Plaintiff's state law claims, with prejudice.

3    Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir.

4    1987).

5                                            **ORDER**

6           The Court finds that Plaintiff's complaint states a cognizable claim against Defendant Laskey

7    for delaying Plaintiff's treatment and denying Plaintiff's request to seek immediate treatment from an

8    outside dental care provider.  However, Plaintiff's claims as to the inadequate treatment provided by

9    Defendant Pham and his state law claims as to both Defendants fail to state a cognizable claim.

10   Therefore, the Court **ORDERS**:

11          1.      Defendant Laskey's motion to dismiss is **DENIED**;

12          2.      Defendant Pham's motion to dismiss is **GRANTED**.

13          3.      Within 21 days from the date of service of this order, Plaintiff shall either:

14                  a.      Notify the Court in writing that he wishes to proceed as to Defendant Laksey

15                          only; or

16                  b.      File a second amended complaint attempting to cure the deficiencies in his due

17                          process claim against DefendantPham;

18          4.      Defendants' motion to strike is **DENIED**;

19          In accordance with the above, it is **HEREBY RECOMMENDED** that:

20          1.      Defendants' Motion to Dismiss as to the state law claims be **GRANTED** without leave

21                  to amend.

22          These findings and recommendations are submitted to the United States District Judge assigned

23   to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within 21 days after being served with

24   these findings and recommendations, any party may file and serve written objections with the Court. A

25   document containing objections should be captioned "Objections to Magistrate Judge's Findings and

26   Recommendations."  Any reply to the objections shall be filed and served within 14 days of the date of

27   service of the objections.  The parties are advised that failure to file objections within the specified time

28   may waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

                                                    11

1991).

IT IS SO ORDERED.

Dated:   **November 18, 2011**                                        **/s/ Jennifer L. Thurston**
                                                                                                    UNITED STATES MAGISTRATE JUDGE