IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROBERT HUSKEY,<br><br>    Plaintiff<br><br> vs.<br><br>PAM AHLIN, et al.,<br><br>    Defendants. | Case No.: 1:09-cv-01576 AWI JLT (PC)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS<br><br>(Docs. 34 and 35). |

On September 8, 2009, Plaintiff initiated this civil rights action against several Defendants. (Doc. 1). Defendant Lasley "Lasley" is the only remaining defendant. On April 16, 2012, Defendant filed a motion to compel Plaintiff to respond to various interrogatories and requests for production. (Doc. 34). On April 20, 2012, Defendant filed a supplement to its initial motion, in which Defendant withdrew its motion as to certain interrogatories that Plaintiff had adequately responded to after Defendant filed his initial motion to compel. (Doc. 35). Plaintiff has not responded to Defendant's motion. For the reasons set forth below, the Court GRANTS Defendant's motion in part and DENIES Defendant's motion in part.

**I.    LEGAL STANDARDS**

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Relevant information for the purposes of discovery is any information that is "reasonably calculated to lead to the discovery of admissible

evidence." Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992). District courts have broad discretion in determining relevancy for discovery purposes. Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005).

A party may propound interrogatories relating to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b). Fed. R. Civ. P. 33(a). In turn, the responding party is obligated to respond to the interrogatories to the fullest extent possible, see Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(4). The responding party shall use common sense and reason in its responses; hyper-technical, quibbling, or evasive objections will not be viewed favorably by the court. Haney v. Saldana, No. 1:04-cv-5935-AWI-SMS PC, 2010 U.S. Dist. LEXIS 93447, at *9 (E.D. Cal. Aug. 24, 2010).

A party may also serve on any other party a request to produce "any designated documents . . . which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a). Documents are in the "possession, custody, or control" of the served party if "the party has actual possession, custody, or control, or has the legal right to obtain the documents on demand." In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995). The party to whom the request is directed must respond in writing that inspection will be permitted as requested, or must state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2).

If the party requesting discovery is dissatisfied with any of the responses, the party may move to compel further responses by informing the court "which discovery requests are the subject of [the] motion to compel, and, for each disputed response, inform the [c]ourt why the information sought is relevant and why [the opposing party's] objections are not justified." Ellis v. Cambra, 2008 U.S. Dist. LEXIS 109050, at *11 (E.D. Cal. Mar. 27, 2008). *See also* Randle v. Franklin, 2010 U.S. Dist. LEXIS 89905, at *5-6 (E.D. Cal. Aug. 3, 2010) (explaining the Eastern District of California's minimum standards on a motion to compel); Brooks v. Alameida, 2009 U.S. Dist. LEXIS 9568, at *5-6 (E.D. Cal. Feb. 10, 2009) (noting that unless the court is informed which responses the moving party seeks to compel or on what grounds, the court cannot grant the motion to compel).

## II. DEFENDANT'S MOTION TO COMPEL

### A. Further Responses to Interrogatories 3, 4, 6, 7, 9-11, 13, 15, and 17.

**Interrogatories Nos. 3, 4, 6, 7, and 9**

These interrogatories relate to allegations in paragraph 14 of Plaintiff's complaint that 1) "[o]n or about April 1, 2009, Plaintiff informed Defendant Lasley that he had lost two filings and asked Lasley to schedule Plaintiff for a dentist appointment right away;" 2) that Lasley scheduled a dental appointment for Plaintiff on May 5, 2009; and 3) that Plaintiff thereafter "offered to pay for emergency care and to be transported to a dentist . . . " (Doc. 8 at 5). Interrogatory No.3 asks Plaintiff to identify any witnesses who had knowledge that he informed Defendant Lasley that he had lost two filings. Interrogatory No. 4 asks Plaintiff to identify any witnesses who had knowledge that he requested Lasley to schedule a dentist appointment for him. Interrogatory No. 6 asks Plaintiff to identify the date he was informed about the May 5, 2009 dental appointment. Interrogatory No. 7 asks Plaintiff to identify witnesses who had knowledge that Plaintiff offered to pay for emergency care to the dentist. Interrogatory No. 9 asks Plaintiff whether he told Lasley he would not pay for transportation for the dental appointment. (Doc. 34-2 at 6-7).

Plaintiff initially objected to all of these interrogatories as overly broad and burdensome. (Doc. 34-2 at 6-7 and 18-19). Plaintiff's supplemental responses to Interrogatories 3, 4, and 7, are virtually identical and do not contain objections:

> Plaintiff avers that at every stage of the administrative appeal process, each defendant named (including Lasley) was informed of the suffering plaintiff was undergoing, of his desire to pay for his own dental care if it could be obtained sooner, and of the unconstitutional delay in treatment that caused an infection. Those defendants include Kyle Lasley, Kate Kanaley, Dr. Pham, Warren Rogers, Daniel Wagoner, Audrey King and Pam Ahlin.

(Doc. 35-1 at 5-8).

Plaintiff's supplement response to Interrogatory No. 9 similarly states, "Plaintiff avers that at every stage of the appeal process, each defendant named in this proceeding, including defendants Kyle Lasley, Kate Kanaley, Dr. Pham, Warren Rogers, Daniel Wagoner, Audrey King and Pam Ahlin, received a copy of the appeal Plaintiff served them, including Plaintiff's offer to pay for emergency dental care if CSH would transport him to Coalinga." (Doc. 35-1 at 7-8).

3

Interrogatories 3, 4, 7, and 9 are very specific in that they ask Plaintiff to identify any *witnesses* to the statements he allegedly made to Defendant Lasley on or about April 1, 2009 regarding his filings, scheduling an appointment, and paying for emergency care and to confirm or deny statements he made to Lasley about paying for transportation to a dental visit. (Doc. 34-2 at 6-7; Doc. 35-1 at 5-8).  Plaintiff's response that all named Defendants were aware of his injuries may accurately respond to the question of "who became aware of Plaintiff's allegations that he made statements regarding his filings, etc."   (Id.) However, such a response does not address the specific information requested by the interrogatory; namely, identification of the persons who witnessed or were present during the April 1, 2009 conversation with Lasley and whether Plaintiff made certain statements to Lasley about paying for transportation, as alleged in the First Amended Complaint at paragraph 14.

Defendant's request, in Interrogatory No. 6, that Plaintiff identify the date he was informed of the May 5, 2009 dental appointment is likewise specific and direct.  Plaintiff's failure to object on the basis that the interrogatory is burdensome does not have merit. (Docs. 34-2 at 7; 35-1 at 6).

As a result, Defendant's motion to compel a further response to Interrogatories 3, 4, 6, 7, and 9 are **GRANTED**..

**Interrogatories Nos. 10-11, and 13**

These interrogatories relate to allegations in paragraph 25 of Plaintiff's complaint that 1) "[o]n or about April 1, 2009, Plaintiff lost two filings and complained immediately to medical staff 5; 2) that he complained immediately to medical staff 5 that he could not eat hot, cold, or hard food due to the missing fillings; and 3) that he complained of pain, loss of sound sleep and the need for emergency dental care to medical staff 5. (Doc. 8 at 7). Interrogatory No. 10 asks Plaintiff to identify all witnesses who had knowledge that he complained to the medical staff about losing two filings.  Interrogatory No. 11 asks Plaintiffs to identify all witness who had knowledge that he complained to medical staff about not being able to eat as a result of the lost filings. Interrogatory No. 13, asks Plaintiff to identify all witnesses who had knowledge that he

complained to medical staff about pain, loss of sleep, and the need for emergency dental care. (Doc. at 34-2 at 7-8).

Plaintiff initially responded to all of these interrogatories as overly broad and burdensome. (Doc. 34-2 at 20-21). Like Plaintiffs responses to Interrogatories 3, 4, and 7, Plaintiff's supplemental responses indicate that all named defendants became aware of such allegations through the appeal process. (Doc. 35-1 at 5-7). For the reasons explained above, Plaintiff's response to Defendant's direct question is insufficient. Thus, Defendant's motion to compel a further response to Interrogatories 10-11 and 13 are **GRANTED**.

### Interrogatories 15 and 17

These interrogatories ask Plaintiff about witnesses who can testify to Plaintiff's claims that he "suffered constantly" due to lack of dental care or who have knowledge of any damages he allegedly sustained due to Lasley's actions. Plaintiff again responds by stating that all named Defendants became aware of his allegations via the appeal process. (Doc. 35-1 at 9-10). Because Plaintiff's response does not respond to the question asked, Defendant's motion to compel a further response to Interrogatories 15 and 17 are **GRANTED**.

### B. Requests for Production

Defendant seeks to compel further responses to its Request for Production Nos. 1-17. (Doc. 34-2 at 12-14). Plaintiff has responded to Defendant's request for production of documents by citing to paragraphs in his complaint and various exhibits attached thereto. Plaintiff responded to Requests for Production Nos. 1-3,5-9, and 14-15 in this manner and only objected to No. 16 and 17, as overbroad and burdensome. (Doc. 34-2 at 26-31). Defendant acknowledges that he has access to the documents referenced by Plaintiff, but wants Plaintiff to confirm that these are the only documents responsive to his respective requests and that "production will be permitted." (Doc. 34-1 at 12). Given that Defendant's Request for Production No. 1-15 seeks "all documents," and Plaintiff has only chosen to set forth the Exhibits attached to his Complaint, he is bound by his response.

Additionally, Plaintiff's Responses to Request Nos. 4, and 10-13 indicates that "verbal communication is not documented." Defendant asserts that a Plaintiff should be compelled to

respond that "no such documents exist" if that is the case. (Doc. 34-1 at 12; Doc. 34-2 at 27, 29-30). Despite Defendant's arguments to the contrary, the Court finds Plaintiff's response to Request Nos. 4, and 10-13 sufficiently indicates that there are no other documents that exist.[1] Thus, the motion as to these requests are **DENIED**.

### Request for Production No. 16

This request asks Plaintiff to produce all documents supporting his claim for damages. (Doc.34-2 at 31). Plaintiff objects to the request as overbroad and burdensome and cites to the allegations in his Complaint at paragraphs 11-12. While the phrasing of the Request is somewhat broad, Plaintiff is required to respond to the extent possible. Thus, the motion as to this request is **GRANTED**.

### Request for Production No. 17

This request asks Plaintiff to produce all documents relating to his lawsuit. (Doc. 34-2 at 31). Plaintiff objects to the request as overbroad and burdensome and cites to his Complaint.[2] Given the number of allegations raised by Plaintiff in his complaint, the Court concludes that this request is overbroad. Thus, the motion as to this request is **DENIED**.

### III. CONCLUSION

In accordance with the above, the Court **ORDERS** that

1. Defendant's April 16, 2012 motion to compel further responses, supplemented on April 20, 2012, (Docs. 34 and 35) is **GRANTED** as to Interrogatories 3, 4, 6, 7, 9-11, 13, 15 and 17.
2. Defendant's April 16, 2012 motion to compel further response to his Request for Production of Documents (Doc. 34) is **GRANTED** as to Request for Production number 16.
3. As to document production requests 1-15 and 17, the motion is **DENIED**.

---

[1] Plaintiff is advised that he will be permitted to use at trial or in response to motions *only* documents that have been produced in discovery. His failure to produce documents will preclude *any* use of such documents in this proceeding.

[2] Plaintiff is advised that his complaint *is not evidence* and cannot be relied upon to support his claim.

Plaintiff **SHALL** provide further responses to the discovery requests describe above within 14 days of service of this order.

IT IS SO ORDERED.

Dated: **August 1, 2012**              /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE