IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ROBERT HUSKEY,<br><br>　　Plaintiff<br><br>vs.<br><br>PAM AHLIN, et al.,<br><br>　　Defendants. | Case No.: 1:09-cv-01576 AWI JLT (PC)<br><br>AMENDED ORDER DENYING REQUEST TO SEAL DOCUMENTS AND ORDER GRANTING REQUEST TO FILE REDACTED DOCUMENTS<br><br>(Doc. 39) |

　　On September 8, 2009, Plaintiff initiated this civil rights action against several Defendants. (Doc. 1). The entirety of this litigation relates to the alleged delay Plaintiff suffered in obtaining dental care.

　　Before the Court is Defendant's request to seal 229 documents. (Doc. 39) The only justification put forward for sealing these records is that they are medical records whose confidentiality, outside of litigation, is assured. From the Court's review of the documents, it appears that all substantive information, except that related to Plaintiff's dental care, has been completely redacted.[1]

---

[1] The Court received copies of the unredacted documents. However, these documents failed to indicate, through highlighting, underlining or otherwise, which information was intended to be redacted. Defendant is advised that in future, he should provide records which indicate the information that is requested to be redacted but with the information still readable so the Court can determine *whether* the information should be redacted rather than imposing the burden on the Court to compare two sets of 229 pages to determine which information is at issue.

This request is controlled by Federal Rule of Civil Procedure 26(c). The Rule permits the Court to issue orders to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Only if good cause exists may the Court seal the information from public view after balancing "the needs for discovery against the need for confidentiality."' Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 678 (9th Cir. Cal. 2010) (quoting Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002)).

Generally, documents filed in civil cases are presumed to be available to the public. EEOC v. Erection Co., 900 F.2d 168, 170 (9th Cir. 1990); see also Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir.2006); Foltz v. State Farm Mut. Auto Ins. Co., 331 F.3d 1122, 1134 (9th Cir.2003). Documents may be sealed only when the compelling reasons for doing so outweigh the public's right of access. EEOC at 170. In evaluating the request, the Court considers the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." Valley Broadcasting Co. v. United States District Court, 798 F.2d 1289, 1294 (9th Cir. 1986).

Here, the Court does not find that there is good cause to file the documents under seal. The records relate to dental conditions or that Plaintiff has been determined to be a sexually violent predator. This information is already in the public view. Indeed, in his complaint, Plaintiff details the dental condition and the treatment he did and did not receive. Sealing these records now would be ineffective in preventing the public dissemination of this information. Moreover, this Court routinely addresses cases—with information filed on the public docket--involving medical conditions and treatment about which the plaintiffs have called into question through the filing of their litigation. Defendant has failed to provide any authority that the mere fact that the records relate to medical or psychiatric conditions would overcome the presumption that they will be filed on the public docket. Thus, the request to file the documents under seal is **DENIED**.

On the other hand, the Court **GRANTS** Defendant's request to redact the documents to be filed so that the information revealed relates only to the issues raised in this litigation.[2, 3]

IT IS SO ORDERED.

Dated:   **August 23, 2012**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

---

[2] In doing so, the Court emphasizes that there is no need to file a page that has been redacted such that no substantive information remains. Many, many pages appear to be in this condition. Clearly, they have no substantive value to this litigation because no one can read them and, for the same reason, Defendant cannot rely upon the redacted information. Thus, there is no point in filing these particular pages.

[3] Defendant is reminded that information that is unrelated to Plaintiff's claims, such as his criminal history, conviction history, information related to his acts which give rise to his SVP status, etc., seem to have no pertinence to the dispositive motion and, unless they do, they should not be filed.